IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: CASE NO: 8:04-bk-13418-8B1

EAGLE'S RESERVE HOMEOWNERS' ASSOCIATION, INC.,

Debtor.
_____________________________/

KENNETH P. KLAK and ANDREA M. KLAK, husband and wife, WARREN L. GARLAND and DOROTHEA T. GARLAND, husband and wife; JACK B. SLORAH and PATRICIA M. SLORAH, husband and wife; JAMES R. COBB and GLORIA S. COBB, husband and wife; THOMAS J. CIRIELLO; SUSAN LIGHT; HANS WALTER SEELIG and ANASTASIA R. SEELIG; Co-Trustees; DAVID P. KENNEDY and SUSAN M. KENNEDY, husband and wife; BRUNO GALLELLI and MARIA GALLELLI, husband and wife; CARL CONRAD; JOHN S. HAVILL; DR. LAZ N. KAVOUKLIS and MARIA M. KAVOUKLIS, husband and wife; CHARLES E. MAINARD and PATRICIA J. MAINARD, husband and wife; GAIL M. FERN; JULIA ANN ROBERTS; KEVIN K. MORAN, FRANCES T. ACHNITZ and WILLIAM P. ACHNITZ, wife and husband; K.M. TAYLOR; JOHN T. WEHLAU and CHERYL LYNNE WEHLAU, husband and wife; ROBERT J. HILDENBRAND and LAN HILDENBRAND, husband and wife; HARRY W. JAMES, JR. and FRAN JAMES, husband and wife; VINCENT A. TUCCIO and CAROLYN M. TUCCIO, husband and wife; GLENN B. SHANE and LARA G. SHANE, husband and wife; KIMBERLY D. CAMPBELL; JAMES P. DELELLIS and RUTH DELELLIS, husband and wife, THEODORE MASLO and CYNTHIA MASLO, husband and wife; JOHN HUMMELL; JAMES N. DISHMAN, JR. and JOYCE A. DISHMAN, husband and wife; JUDITH ANN MCDERMOT; RONALD E. MILLER and ELIZABETH FRYER; EDWARD STUHL and JOAN STUHL, husband and wife; SAM SAHAGIAN and JO ANN SAHAGIAN; husband and wife; JOSEPH DWYER and SHARON A. DWYER, husband and wife; CHARLES J. PRESTON; STEPHEN GAYLE and DIANE JUDE; GERARD P. BENATAR; BRADY M

FILED VIA MAIL
SEP 22 '04
CLERK, U.S. BANKRUPTCY COURT, [illegible] FLORIDA

ADV. PRO. NO.

NF

**SHIRLEY and MARGIE R. SHIRLEY, husband and wife; FRED B. LEINER; ROBERT P. KELLY and ANNA B. KELLY, husband and wife; NOEL S. TNENEBAUM; LUCILLE LAPRADE; WALTER S. KOSCOMB and CYNTHIA C. KOSCOMB, husband and wife; CYNTHIA L. EVANS; GREGORY R. HENDERSON and VICKY HENDERSON, husband and wife; BERNARD L. MAYZELL and NATALIE W. MAYZELL, husband and wife; TED W. WALTERS; HAROLD KOGUT and DEANNA KOGUT, husband and wife; SIDNEY P. COOPER and SUSIE COOPER, husband and wife; GERRY R. CLINE and SUSAN T. CLINE, husband and wife; JACK PETERSON and SUZIE PETERSON, husband and wife; DAVID LARSON and DELYN LARSON, husband and wife; GEORGE NOWAK; MARIA DEPEIRN; GEORGE M. SONNETT and ELIZABETH E. SONNETT, husband and wife; FERNANDO L. ARROYO, B.S. SAFLEY, R. ENID GAUD; WARREN SCHERER and NANCY SCHERER, husband and wife; RICHARD G. INGHER; and GERALD W. CONRAD and BONITA A. CONRAD, husband and wife.**

**Plaintiffs,**

**vs.**

**EAGLE'S RESERVE HOMEOWNERS' ASSOCIATION, INC., a Florida not for profit corporation,**

**Defendants.**

______________________________________________/

**NOTICE OF REMOVAL**

EAGLE'S RESERVE HOMEOWNERS' ASSOCIATION, INC., Debtor-in-Possession, by and through undersigned counsel, requests pursuant to 28 U.S.C.§ 1452 that the case of KENNETH P. KLAK and ANDREA M. KLAK, husband and wife, WARREN L. GARLAND and DOROTHEA T. GARLAND, husband and wife; JACK B. SLORAH and PATRICIA M. SLORAH, husband and wife; JAMES R. COBB and GLORIA S. COBB, husband and wife; THOMAS J. CIRIELLO; SUSAN

LIGHT; HANS WALTER SEELIG and ANASTASIA R. SEELIG; Co-Trustees; DAVID P. KENNEDY and SUSAN M. KENNEDY, husband and wife; BRUNO GALLELLI and MARIA GALLELLI, husband and wife; CARL CONRAD; JOHN S. HAVILL; DR. LAZ N. KAVOUKLIS and MARIA M. KAVOUKLIS, husband and wife; CHARLES E. MAINARD and PATRICIA J. MAINARD, husband and wife; GAIL M.FERN; JULIA ANN ROBERTS; KEVIN K. MORAN, FRANCES T. ACHNITZ and WILLIAM P. ACHNITZ, wife and husband; K.M. TAYLOR; JOHN T. WEHLAU and CHERYL LYNNE WEHLAU, husband and wife; ROBERT J. HILDENBRAND and LAN HILDENBRAND, husband and wife; HARRY W. JAMES, JR. and FRAN JAMES, husband and wife; VINCENT A. TUCCIO and CAROLYN M. TUCCIO, husband and wife; GLENN B. SHANE and LARA G. SHANE, husband and wife; KIMBERLY D. CAMPBELL; JAMES P. DELELLIS and RUTH DELELLIS, husband and wife, THEODORE MASLO and CYNTHIA MASLO, husband and wife;JOHN HUMMELL; JAMES N. DISHMAN, JR. and JOYCE A. DISHMAN, husband and wife; JUDITH ANN MCDERMOT; RONALD E. MILLER and ELIZABETH FRYER; EDWARD STUHL and JOAN STUHL, husband and wife; SAM SAHAGIAN and JO ANN SAHAGIAN; husband and wife; JOSEPH DWYER and SHARON A. DWYER, husband and wife; CHARLES J. PRESTON; STEPHEN GAYLE and DIANE JUDE; GERARD P. BENATAR; BRADY M SHIRLEY and MARGIE R. SHIRLEY, husband and wife; FRED B. LEINER; ROBERT P. KELLY and ANNA B. KELLY, husband and wife; NOEL S. TNENEBAUM; LUCILLE LAPRADE; WALTER S. KOSCOMB and CYNTHIA C. KOSCOMB, husband and wife; CYNTHIA L. EVANS; GREGORY R. HENDERSON and VICKY HENDERSON, husband and wife; BERNARD L. MAYZELL and NATALIE W. MAYZELL, husband and wife; TED W. WALTERS; HAROLD KOGUT and DEANNA KOGUT, husband and wife; SIDNEY P. COOPER and SUSIE COOPER, husband and wife; GERRY R. CLINE and SUSAN T. CLINE, husband and wife; JACK PETERSON and SUZIE PETERSON, husband and wife; DAVID LARSON and DELYN LARSON, husband and wife; GEORGE NOWAK; MARIA DEPEIRN;

GEORGE M. SONNETT and ELIZABETH E. SONNETT, husband and wife; FERNANDO L. ARROYO, B.S. SAFLEY, R. ENID GAUD; WARREN SCHERER and NANCY SCHERER, husband and wife; RICHARD G. INGHER; and GERALD W. CONRAD and BONITA A. CONRAD, husband and wife., filed in the Circuit Court for the Sixth Judicial Circuit of Florida, in and for Pinellas County, Florida, on November 29, 2000, pending under Case No.00-8168-CI-07 be removed to the District Court for the Middle District of Florida, Tampa Division, and referred to the Bankruptcy Court in which the Debtor's Chapter 11 Case is being administered.

1. The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C.§ 1334 over this adversary proceeding in the Chapter 11 Case EAGLE'S RESERVE HOMEOWNERS' ASSOCIATION, INC., Case No. 8:04-bk-13418-8B1, now pending in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

2. The Order for Relief in the EAGLE'S RESERVE HOMEOWNERS' ASSOCIATION, INC., was entered on July 1, 2004.

3. That this is a core proceeding under 28 U.S.C.§ 157. However, were this deemed not to be a core proceeding, the Debtor consents to the entry of final orders or judgments by the Bankruptcy Judge.

4. That this matter began as a complaint by various homeowners at Eagle's Reserve against the homeowner's association for the homeowner's association to undertake repairs caused by the defective construction of their units. During the course of said litigation, the Circuit Court for Pinellas County appointed a Receiver. After the Receiver was appointed and made numerous significant assessments, ranging at about $30,000.00 per unit, the homeowner's association was successful in an appeal to the Second District Court of Appeal for Florida in having a determination made by that Court that its obligation only involved the maintenance of the shell of the condominiums. Essentially, this left each individual homeowner responsible for the repair of their individual unit. On remand to the Circuit

Court, the Circuit Court directed that the parties replead the case based on the opinion of the District Court. At this point, the pleadings filed deal with the appropriate way to deal with the unpaid, but properly assessed, liens filed by the Receiver during his term; how to treat those units which received the benefit of the assessments to repair the units; and how to fully resolve the case. The litigation in this matter has been consolidated with Circuit Court Case No. 01-651-CI-11. Essentially, all cases in the Pinellas County Courts dealing with this issue were consolidated into these cases. As such, this matter should be considered at the same time the Court considers the Notice of Removal filed on this date involving the case brought against the homeowner's association by Kenneth P. Klak and Andrea M. Klak, husband and wife, et al.

5. That these matters are distinctly within the jurisdiction of the Bankruptcy Court as they directly affect the debtor's estate and its ability to reorganize. The Debtor, as part of its plan of reorganization, must determine the appropriateness of the existing liens that had been assessed, but unpaid; must determine how to treat the homeowner's who received a significant benefit from the activities of the Receiver and must otherwise determine how it will proceed. The decision in these cases will ultimately help the Debtor determine an appropriate plan of reorganization.

Dated on this the 20th day of September, 2004.

R. JOHN COLE, II, P.A.

R. JOHN COLE, II
46 N. Washington Blvd., Suite 24
Sarasota, FL 34236
(941) 365-4055
(941) 365-4219 (FAX)
ATTORNEY FOR DEBTOR
Florida Bar No. 191364

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to the following on this the 20 day of September, 2004:

HENRY A. STEIN, ESQ.
1607 Dr. ML King (9th) Street North
St. Petersburg, FL 33704

DANIEL A. HARRIS, ESQ.
105-F Dunbar Ave.
Oldsmar, FL 34677

H. JAMES LENTZ, ESQ.
Lentz & Associates
35111 US Highway 19 N, Suite 302
Palm Harbor, FL 34684

GIORGIO VALLAR, ESQ.
1022 Main Street, Suite D
Dunedin, FL 34698

OFFICE OF THE U.S. TRUSTEE
Timberlake Annex
501 E. Polk St., Suite 1200
Tampa, FL

PINELLAS COUNTY
CIRCUIT COURT CLERK
315 Court Street
Clearwater, FL 34616

R. John Cole, II, Esq.

C:\My Documents\WPF\BANKRUPT\Eagle Reserve\removal.not1.wpd